## DOMINICO DE LUCA *vs.* HELEN D. FLAGG.

### MARCH 29, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit to recover the sum of $215 paid to the defendant by the plaintiff on account of the purchase price of a parcel of real estate upon which plaintiff was the highest bidder at a mortgagee's sale under a power of sale contained in the mortgage. The case ·is here on plaintiff's exception to the decision rendered for the defendant by a justice of the Superior Court.

No question of fact is in dispute. The question presented is whether the sale was invalid by reason of an error in the description contained in the notice of sale. The error complained of might indicate, to one giving no consideration to the remainder of the description by metes and bounds, that the land offered for sale is on the westerly side of Crandall Court, whereas the land is actually situated on the easterly side. The land is described in the mortgage as follows: "situated in said City of Newport and bounded and described as follows: Southerly on Bath Road, 25 feet; Westerly by land formerly of Robert Crandall, now known as Crandall Court; Northerly partly on land formerly of said Robert Crandall, partly on land now or formerly of the heirs at law of Daniel T. Swinburne, deceased, and partly on land now or formerly of the heirs or devisees of Luke Waters, deceased; and Easterly on land formerly of Sarah F. McIntosh." The description in the notice of sale was as follows: "that parcel of land with the buildings and other improvements thereon located in the City of Newport, State of Rhode Island, and bounded and described as follows: South on Bath Road, 25 feet; West by land formerly of Robert Crandall, deceased, now of Malgan, 136 feet; East partly by land formerly of Sarah McIntosh, deceased, now of Dominico De Luca, and by Crandall Court 137 feet; and North by land of said Robert Crandall, deceased, partly by land of Daniel T. Swinburne and partly by land now or formerly of Luke Waters, 40 feet." In said notice were stated the volume and pages of the records of real estate where the mortgage was recorded.

The owner of the equity of redemption has made no complaint and the plaintiff does not contend that he was deceived by the notice. In accordance with the notice, the sale was made on Bath Road in front of the premises sold. An accurate description may be obtained from the records to which reference was made in the notice, and as the plaintiff knew what property he was bidding for he was not justified in repudiating his contract to purchase.

The rule is stated in 41 C. J. §1,391 as follows: "The property to be sold must be described in the notice with such a reasonable degree of certainty that the public by the exercise of ordinary intelligence may be enabled to identify it, and may be directed to the means of obtaining an exact description if desired. . . . Clerical errors in the description which could not mislead will not invalidate the notice." See also *Beacon Hill Land Co.* v. *Bowen*, 33 R. I. 404.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the county of Newport for the entry of judgment on the decision.

*Harry C. C. Koehne, Benjamin Cianciarulo*, for plaintiff.
*Robert M. Franklin*, for defendant.